IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-13-307 |
| | * | |
| SHAWN MALONE | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Now pending is Shawn Malone's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 418). Malone seeks relief on the basis that he suffers from asthma, and that USP Leavenworth, where he is currently incarcerated, is taking insufficient precautions to protect Malone from COVID-19.

As for Malone's request for compassionate release, the court is not persuaded that Malone's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).[1] Malone does not include with his motion medical records that would support his contention that he suffers from moderate-to-severe asthma. But even assuming that Malone could provide such documentation, the court does not find it constitutes an extraordinary and compelling reason for Malone's release.

The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Coronavirus Disease 2019*

---

[1] 28 U.S.C. § 994(t) gives the United States Sentencing Commission the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act of 2018 and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

*(COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 29, 2020). The CDC distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition "are at increased risk" (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition "might be at an increased risk" (e.g., type 1 diabetes). *Id.* Moderate-to-severe asthma is in the latter group. *Id.* Malone is relatively young (38 years old), and while the court does not doubt that Malone's asthma impacts his life, the CDC's data collection shows that the evidence as to whether asthma poses an increased risk of severe illness due to COVID-19 is, at this time, "mixed." *Evidence used to update the list of underlying medical conditions that increase a person's risk of severe illness from COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (updated Nov. 2, 2020). Absent evidence of other underlying conditions that make Malone particularly vulnerable to COVID-19, the court does not believe Malone's asthma alone is grounds for compassionate release. *See, e.g.*, *United States v. Hicks*, No. CR JKB-18-252, 2020 WL 5076952, at *2 (D. Md. Aug. 27, 2020) (holding that a defendant's "self-reported asthma and hypertension . . . do not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute an extraordinary and compelling reason for judicial relief").

      The court acknowledges Malone's concerns about the isolated environment at USP Leavenworth.  But in light of the court's conclusion that Malone's underlying condition does not rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction, the court also finds that the conditions at USP Leavenworth do not provide grounds for Malone's sentence to be reduced.

Accordingly, Malone's motion for compassionate release (ECF 418) is DENIED WITHOUT PREJUDICE to renewal if there is evidence of changed circumstances.

So Ordered this  26th  day of January 2021.

/S/
Catherine C. Blake
United States District Judge